UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JOHN DUMITRU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:05-CV-308 PS |
| | ) | |
| DAVID R. MATSEY and JILL HOWARD, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

John Dumitru, a prisoner confined in the Indiana State Prison, filed a complaint pursuant to 42 U.S.C. § 1983, complaining that Starke Circuit Judge David Matsey ruled against him on issues presented in Dumitru's divorce proceedings.  Mr. Dumitru seeks damages and the return of his home which was apparently sold in 2004 when his ex-wife moved to Arizona.  He has also submitted an amended complaint against Fifth Third Bank employee Jill Howard.  Because no answer has been filed in this case, Mr. Dumitru may, as a matter of course, file one amended pleading.  Fed. R. Civ. P. 15(a).  The court will treat Mr. Dumitru's amended complaint as adding claims to his original complaint rather than supplanting the original complaint.

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint.  *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir.  2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has

> deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2).  In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks, and ellipsis omitted).

Mr. Dumitru brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984) *overr'd on other grounds by Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Judges are not liable for damages in civil actions for their judicial acts unless they act in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. *Id.* at 356-357, (quoting *Bradley v. Fisher*, 80 U.S. 355, 351 (1971)). A judge is absolutely immune for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. *Stump*, 435 U.S. at 359; *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989), *cert. denied*, 494 U.S. 1085 (1990). A judge is entitled to absolute judicial immunity if the acts were within his jurisdiction and were performed in his judicial capacity.  *Id*.

Judge Matsey is entitled to absolute judicial immunity if his actions meet a two-part test: first, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity. As Judge of the Starke Circuit Court, Judge Matsey had jurisdiction over Mr. Dumitru's divorce proceedings, and the acts Mr. Dumitru complains of, including determining the division of marital property and establishing child custody and visitation rights were judicial acts. Accordingly, even if Judge Matsey may have made mistakes in decisions he made in Mr. Dumitru's divorce proceedings, he is is immune from a § 1983 action seeking civil damages.

Mr. Dumitru asserts in his proposed amended complaint that the Fifth Third Bank did not inform his father that he "can have the chance to hire [a] lawyer [to] protect his property" interest in Mr. Dumitu's home. (Am. Cmp. at p. 3). He also alleges that the bank allowed someone to withdraw money from his account before he closed it and that someone else signed his name to his disability benefit checks.

The Fifth Third Bank is not a governmental entity, and Jill Howard is not an officer or employee of a governmental entity. Accordingly, § 1915A does not apply to the amended complaint. Nevertheless, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a district court must *sua sponte* dismiss an *in forma pauperis* suit at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 536 (1981). If the defendant didn't act "under color of state law," the action against him must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The phrase "acting under color of [state] law" means "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monroe v. Pape*, 365 U.S. 167, 184 (1961)

(citations omitted). The Fifth Third Bank is a private company, and nothing in the complaint suggests that its employee, Jill Howard, "acted under color of State law" in any of the actions she may have taken when dealing with Mr. Dumitru's house, bank account or disability payments.

For the foregoing reasons, the Court **DISMISSES** this complaint against Judge David Matsey pursuant to 28 U.S.C.§ 1915A(b)(1) and dismisses the amended complaint against Jill Howard pursuant to 28 U.S.C. § 1915e(2)(B)(ii).

**SO ORDERED.**

ENTERED: October 20, 2005

 S/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT